IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | |
|---|---|
| MARIO ANGELO JIMINEZ | * |
| Plaintiff, | * |
| v. | *   3:05-CV-1221-MHT |
| | (WO) |
| STATE OF ALABAMA, *et al.*, | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se,* files this 42 U.S.C. § 1983 action complaining about a violation of constitutional rights during criminal court proceedings held before the Circuit Court for Lee County, Alabama. Plaintiff seeks review of his case and requests that his record be expunged. Named as defendants are the State of Alabama, Lee County, and District Attorney Kenny Wilkes. Upon review of the complaint, the court concludes that dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

**I. DISCUSSION**

*A.  The State of Alabama*

The State of Alabama is not subject to suit or liability under § 1983. The Eleventh

Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's claims against the State of Alabama are due to be dismissed. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

B.  *District Attorney Wilkes*

Plaintiff complains that the criminal proceedings against him before the Lee County Circuit Court violated his constitutional rights. He maintains that a jury found him guilty of rape based on insufficient evidence, exculpatory evidence existed but was not considered before trial, and Defendant Wilkes introduced evidence which mislead the jury.

Prosecutors are entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31: *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir.1999). And while "prosecutors do not enjoy absolute immunity from [declaratory and injunctive relief] claims," *see Tarter v. Hury*, 646 F.2d 1010, 1012 (5th Cir. 1981), in order to receive declaratory or injunctive relief, Plaintiff must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law. *See Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982).

Here, there is an adequate remedy at law for the violations alleged by Plaintiff in his complaint. Specifically, Plaintiff may appeal any rulings or actions taken in his criminal case

not only to the highest state court with jurisdiction to hear the claim but also to the United States Supreme Court. In addition, Plaintiff may seek a writ of habeas corpus in this court. *See* 28 U.S.C. § 2254. Accordingly, there is an adequate remedy at law and Plaintiff is not entitled to declaratory or injunctive relief in this case against Defendant Wilkes.

*C. The Habeas Claim*

As noted, Plaintiff complains that the rape conviction entered against him by the Circuit Court for Lee County, Alabama, was imposed in violation of his constitutional rights. Plaintiff's claims go to the fundamental legality of his rape conviction and, therefore, provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as

a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Here, Plaintiff seeks to challenge to the constitutionality of the rape conviction entered against him by the Circuit Court for Lee County in November 2005. A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of this conviction. It is clear from the complaint that the conviction about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on Plaintiff's 2005 rape conviction is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.

Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

*D. Lee County, Alabama*

Plaintiff's § 1983 claims challenging the validity of his rape conviction are not cognizable under *Heck*, 512 U.S. 477, or *Balisok*, 520 U.S. 641. As such, the claims lack an arguable basis in law and the court finds that they are, therefore, due to be dismissed as against the County.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against the named defendants be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's challenge to the validity of his rape conviction be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This case be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **January 18, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of January 2006.

                                                **/s/ Delores R. Boyd**
                                                DELORES R. BOYD
                                                UNITED STATES MAGISTRATE JUDGE